UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC MONIZ,

        Petitioner,                         Civil No. 08-1039-HA

       v.                                   OPINION AND ORDER

J.E. THOMAS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.

HAGGERTY, District Judge:

     Petitioner filed a Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). Petitioner is a federal prisoner being housed by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon. Petitioner asserts that the BOP erred in denying him eligibility

1 - OPINION AND ORDER

for participation in a residential drug abuse program (RDAP) and the resulting possible, discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B).

In the Response to the Habeas Petition [15], which this court construes as a motion for dismissal, respondent contends that the petition should be denied on grounds that petitioner was properly found ineligible for RDAP. For the following reasons, the petition [1] is GRANTED IN PART, and the Response to Habeas Petition/Motion to Dismiss [15] is DENIED.

**BACKGROUND**

The statute at issue, 18 U.S.C. § 3621(b), directs the BOP to provide substance abuse treatment to "eligible" prisoners who have a "treatable condition of substance addiction or abuse." As an incentive for prisoners to seek treatment, Congress made sentence reductions available to some prisoners who completed the substance abuse treatment programs. § 3621(e)(2)(B). In this 1994 legislation, Congress mandated that only certain nonviolent offenders are eligible for a sentence reduction, and that the sentence reduction is not to exceed one year. *Id*.

The statute defines "eligible prisoner" as a prisoner who is determined by the BOP to have a substance abuse problem and is willing to participate in a residential substance abuse treatment program. 18 U.S.C. § 3621(e)(5)(B)(i),(ii).

"The discretion of the BOP in determining eligibility for treatment is unlimited; indeed, Congress did not set forth specific criteria which the BOP must apply in determining who is eligible for treatment." *Quintana v. Bauknecht*, No. 3:05cv359/LAC/EMT, 2006 WL 1174353, *2 (N.D. Fla. May 2, 2006). The administrative rule implementing § 3621(e)(1) provides that the inmate must have a verifiable documented drug abuse problem, and that the placement

decision be made by the drug abuse treatment coordinator. *See* 28 C.F.R. § 550.56. This is in accordance with the recognized qualifications for RDAP, which include a diagnosis of a substance abuse problem that is confirmed by a trained clinical or counseling psychologist. 18 U.S.C. §3621(e)(5)(B)).

Other requirements include reference to documentation in the inmate's central file or other formal documents that establish that the inmate suffered a substance use problem. The documentation must pertain to drugs that are consistent with the drugs identified on the RDAP eligibility interview. *Id*.

The BOP uses diagnostic criteria provided in the American Psychiatric Association's Diagnostic and Statistical Manual (DSM) of Mental Disorders. In this case, the BOP used the DSM, Fourth Edition, Text Revision (DSM-IV-TR). Resp. to Pet. at 3 (citation omitted). When evaluating RDAP candidates, the BOP relies upon a BOP Program Statement (PS), which provides, in part, that the program staff must determine if the inmate has a substance abuse disorder by conducting the Residential Drug Abuse Eligibility Interview and reviewing "pertinent documents in the inmate's central file to corroborate self-reported information." PS 5330.10 (Resp. to Pet., Ex. 2). That statement also provides that the inmate must meet the diagnostic criteria for substance abuse or dependence indicated in DSM-IV-TR. This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.

Petitioner was sentenced to seventy months imprisonment in the custody of the BOP pursuant to his conviction for Possession with Intent to Distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841and 846. Because of his history of drug and alcohol abuse, beginning at age twelve with alcohol and escalating to marijuana, cocaine, and

methamphetamine, the trial judge recommended that petitioner receive alcohol treatment and participate in RDAP. Reply at 2 (citations omitted).

Petitioner was interviewed on December 7, 2007, by Peter Antonson, a Drug Treatment Specialist. Petitioner reported a history of using alcohol for twenty-three years, marijuana for thirteen years, hallucinogens for two years, amphetamines for fifteen years, and cocaine for fifteen years. Resp. to Pet. at 3 (citation omitted). Antonson diagnosed petitioner with methamphetamine dependence:

> A review of his Presentence Investigation (PSI) provided support of methamphetamine, marijuana, alcohol and cocaine use on page 17. Based on his responses during the interview Mr. Moniz meets the DSM-IV criteria for amphetamine dependence.

Solomon Decl. Att. 2 at 3.

Doctor Neil Solomon, the Drug Abuse Treatment Program Coordinator at Sheridan, reviewed petitioner's RDAP eligibility five months later by examining his PSI. Resp. to Pet. at 4 (citation omitted). The PSI indicated that petitioner was arrested on April 7, 2006, and remained in custody from that date. Petitioner indicated in the PSI that he stopped using methamphetamine in August 2004. *Id*. Doctor Solomon declared that petitioner was ineligible for the RDAP program. *Id*.

Initially, Dr. Solomon disqualified petitioner because of a purported discrepancy between petitioner's eligibility interview responses and his statements in the PSI, which Dr. Solomon interpreted as casting "doubt on his veracity, and . . . precludes this author from rendering a substance abuse or dependence diagnosis with any confidence." Solomon Decl. Att. 2 at 10.

After petitioner embarked upon this litigation, Dr. Solomon presented different reasons: (1) because petitioner claimed to have stopped using methamphetamine in August 2004 and

4 - OPINION AND ORDER

according to his own self-reporting "had been substance-free for 20 months prior to his incarceration;" and (2) because his claim of drinking twelve beers a week before his arrest was allegedly contradicted in his eligibility interview when he described using alcohol more than once a week but not daily. Solomon Decl. at 3-4. Doctor Solomon concluded that petitioner has no on-going problems with substance abuse or dependence. *Id*.

Petitioner was found ineligible for RDAP. He contends that this finding violates his constitutional and statutory rights.

## ANALYSIS

Petitioner contends that he meets the criteria for RDAP eligibility because of the substance dependence that he reported in his eligibility interview. In that interview, he reported to Antonson that he used alcohol more than once a week (but not daily) in the twelve-month period prior to his arrest, that he had not used marijuana lately, but had used hallucinogens, amphetamines, and cocaine in the past year (less than once a week). Solomon Decl. Att. 2 at 4.

Petitioner also described his addictions to alcohol and to amphetamines, and the problems this abuse caused him physically and with his employment and relationships. *Id*. at 6-7.

Antonson confirmed that petitioner's PSI verified that petitioner used amphetamines. However, as noted above, Dr. Solomon later declared petitioner ineligible for RDAP, initially because Dr. Solomon doubted petitioner's veracity sufficiently to preclude a substance abuse or dependence diagnosis.

Based upon these reasons, respondent argues that petitioner was properly excluded from RDAP pursuant to the so-called "twelve-month rule" that imposes an alleged temporal limitation

5 - OPINION AND ORDER

within the applicable RDAP regulations, program statements and statutes. As noted above, the authority to determine whether an inmate has a "substance abuse problem" is given to the BOP. 18 U.S.C. § 3621(e)(5)(B). Accordingly, the BOP promulgated 28 U.S.C. § 550.56(a), in which it defined some eligibility criteria for RDAP participation. Section 550.56(a) requires that an inmate have a "verifiable documented drug abuse problem," but that term is left undefined. Because neither the statute nor the regulation define "verifiable documented drug abuse problem," the BOP developed PS 5330.10, which expressly refers to the DSM-IV. Resp., Ex. 2.

Specifically, the BOP relies upon the DSM-IV criteria to identify prisoners who have a substance abuse problem. That criteria refer to the significance of exhibiting certain symptoms during a twelve-month period in making a diagnosis. The DSM-IV requires that at least one of three of the symptoms listed in the criteria for substance abuse or dependence occur in the same twelve-month period. DSM-IV at 175-183. The BOP incorporated this objective requirement in the development of its policy that examines the prisoner's central file for the purpose of determining RDAP eligibility.

This court has concluded that the BOP's policy of requiring documentation to support a claim of substance abuse or dependence during the twelve-month period preceding the prisoner's incarceration, is reasonable. In the decision issued in *Mora-Meraz v. Thomas*, Civil No. 08-709-HA, issued March 30, 2009, this court rejected challenges to the general validity of the twelve-month rule. Petitioner's similar challenges here are also rejected.

However, in certain cases, this court has also rejected a "strict adherence" to the twelve-month rule to evaluate an inmate's substance abuse problem. *See Salvador-Orta v. Daniels*, 531 F. Supp. 2d. 1249, 1251 (D. Or. 2008) (declaring an inmate ineligible for RDAP because of

6 - OPINION AND ORDER

remission is improper if inmate's remission was "solely a consequence of the fact that he complied with his court-ordered conditions of release during the twelve months prior to surrendering to the BOP"); *see also Kuna v. Daniels*, 234 F. Supp. 2d 1168 (D. Or. 2002) (BOP lacks discretion to go beyond unambiguous terms of program statements by interpreting an inmate's self-description as a social drinker as grounds for rejecting his DSM-IV diagnosis of alcohol dependence). The decisions in *Salvador-Orta* and *Kuna* recognized that eligibility requirements must be applied fairly.

In this case, petitioner's home was searched in late 2004 as part of an investigation into a drug distribution conspiracy. Petitioner resumed employment in early 2005 and pursuant to that work was required to submit to random drug testing. Furthermore, there is an indication that petitioner had a means to monitor the underlying criminal investigation that led to his arrest. Reply at 2 (citations omitted). The indication in his PSI that petitioner last ingested methamphetamine in August 2004, therefore, should not have been solely dispositive to Dr. Solomon's eligibility determination.

Additionally, the BOP's guidelines for determining RDAP eligibility also require that the candidate have a verifiable documented drug abuse problem. As part of the process for making that determination, program staff are given specific instructions to conduct an eligibility interview and to examine written verification:

> Additionally, there must be verification in the [PSI] or other similar documents in the central file which supports the [drug abuse] diagnosis. Any written documentation in the inmate's central file which indicates that the inmate <u>used</u> the <u>same substance</u>, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

Resp. Response, Ex. 1.

7 - OPINION AND ORDER

Antonson diagnosed methamphetamine dependence. Petitioner's central file includes the sentencing judge's Findings and Recommendation that petitioner needed drug and alcohol treatment, as well as petitioner's acknowledgment of a substance abuse problem, and his assertion that he was willing to participate in a treatment program. This documentation, coupled with the evidence supporting petitioner's substance abuse (his PSI indicated that he drank twelve beers a week; at his RDAP eligibility interview petitioner said that over the twelve months prior to his arrest he drank alcohol more than once a week but not daily, and used hallucinogens, amphetamines, and cocaine less than once a week) establish a verified substance abuse problem. The conclusion by Dr. Solomon that petitioner's veracity should be questioned because drinking "more than once a week but not daily" is purportedly "less often" than drinking twelve beers a week is rejected. Solomon Decl. at 3.

Despite Dr. Solomon's conclusions after his summary review of Antonson's diagnosis (which occurred months after Antonson's interview and did not involve meeting with petitioner), the information provided by the PSI does in fact coincide with petitioner's eligibility interview. Doctor Solomon's subsequent decision to declare petitioner ineligible for RDAP on the basis that Dr. Solomon perceived some inconsistencies in the PSI and petitioner's eligibility interview was improper.

Accordingly, this court concludes that petitioner presented sufficient verifiable documented evidence of a substance abuse problem as required by the administrative rules implementing § 3621(e)(1) for admission into RDAP. *See* 28 C.F.R. § 550.56. The petition is well-taken, and petitioner is entitled to relief.

**CONCLUSION**

8 - OPINION AND ORDER

The Petition for Writ of Habeas Corpus [1] is GRANTED IN PART: the BOP is ordered to declare petitioner Eric Moniz immediately eligible for admission into RDAP. Respondent's Response to Habeas Petition/Motion to Dismiss [15] is DENIED. Nothing in this ruling is intended to convey that respondent was, or is, required to provide any sentence reduction as further relief. Any other pending motions are denied as moot, and this action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this   16   day of April, 2009.


                          /s/ Ancer L. Haggerty  
                             Ancer L. Haggerty  
                           United States District Judge